UNITED STATES of America,

v.

Mack S. TANE, Defendant.

No. 61-CR-32.

United States District Court
E. D. New York.

Jan. 2, 1962.

Michael Levi Matar, New York City, for defendant, for the motion.

Joseph P. Hoey, U. S. Atty., by John J. V. Sullivan, Asst. U. S. Atty., Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The defendant has moved (1) to dismiss the indictment on the ground that it fails to charge an offense under the statute involved, (2) to permit the attorney for the defendant to inspect the Grand Jury Minutes, or, in the alternative, that the Court inspect them *in camera,* (3) for an order under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C., directing the Government to file and serve a bill of particulars in accordance with the demand therefor, as stated in the notice of motion herein, (4) to permit the defendant's attorney to inspect and copy or photograph certain

books, papers, documents, etc., pursuant to Rule 16 of said Rules, and (5) to direct the Government to produce the books, papers and documents specified or described in the subpoena served upon it, as provided by Rule 17(c) of said Rules.

The indictment herein charges that on or about February 10, 1956 the defendant, an official of Local 239, International Brotherhood of Teamsters, a labor union, knowingly, wilfully and unlawfully received and accepted from Pace Motors, Inc., the employer of members of said Local, the sum of $1,000, in violation of Section 186(b) and (d) of Title 29 United States Code Annotated. The indictment was filed on February 7, 1961, three days prior to the expiration of the five-year statute of limitations.

The defendant bases his motion to dismiss the indictment chiefly on the following grounds:

(a) that the evidence before the Grand Jury was insufficient to support the finding thereof,

(b) that the evidence presented to the Grand Jury by Wesley Pace, who, *he states*, was the *sole* complaining witness, was incomplete and failed to state facts constituting an offense under Section 186 (b) and (d), supra,

(c) that the indictment is vague and indefinite, and fails to set forth the essential elements of the offense charged, and

(d) that there has been laches in the commencement of the prosecution, to the prejudice of the defendant.

▬▬ The aforementioned claims are entirely without merit. As to (a) and (b), the Court has examined the transcript of the Grand Jury Minutes and found it to contain sufficient legal evidence to constitute an offense under the applicable statute, and to justify the return of the indictment. As to (c), the indictment is not vague and indefinite, as claimed by the defendant, but complies in every respect with Rule 7(c) of said Rules. As to (d), it is the defend-

ant's contention that the delay in the filing of the indictment is violative of his rights under the Sixth Amendment of the Constitution of the United States, which provides that "In all criminal prosecutions, the accused shall enjoy the rights to a speedy and public trial * * *", and under Rule 48(b) of the Federal Rules of Criminal Procedure, which provides that "If there is unnecessary delay in presenting the charge to a Grand Jury or in filing an information against a defendant *who has been held to answer to the district court,* or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint" (emphasis added).

The provision in Rule 48(b) respecting "unnecessary delay in presenting the charge to a grand jury or in filing an information" clearly refers *only* to the case of one who is brought before a United States Commissioner on a complaint filed against him, and, after a preliminary examination or a waiver thereof, is held to answer in the District Court, as provided in Rule 5(c) of said Rules. The remaining part of Rule 48 (b), and the Sixth Amendment provision hereinabove referred to, apply to a delay *after* the filing of the indictment or information. More need not be said respecting the defendant's claim that there was a prejudicial delay in the filing of the indictment than that it was returned within the period provided by the statute of limitations. (Section 3282 of Title 18 U. S. Code.) United States v. Kaye, 2 Cir., 251 F.2d 87, 90; cert. denied 78 S.Ct. 702, 356 U.S. 919, 2 L.Ed.2d 714. Questioning for delay alone the validity of an indictment returned within the statutory period would result only in confusion and uncertainty in the prosecution of crime.

The defendant seeks leave to inspect the Grand Jury Minutes herein, so that he may have an opportunity to establish that the evidence adduced before the Grand Jury was "incomplete and decep-

tive", and insufficient to support the indictment. He claims, further, that the testimony of Pace before the Grand Jury was contradictory of and inconsistent with his testimony respecting the same matters before the New York County and Queens County grand juries, and before the so-called McLellan Committee of the United States Senate.

It has long been an established policy to maintain the secrecy of Grand Jury proceedings, and inspection of a transcript of the testimony before it will be granted only after a clear showing of the necessity therefor. A mere statement that the evidence before the Grand Jury was incompetent and insufficient will not do. Absent proof to the contrary, it is presumed that the indictment it returned was founded on competent evidence. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.

The request for statements previously made by Pace, and transcripts of his testimony before other grand juries and the said Senate Committee, is premature. When and if Pace shall have testified at the trial of the indictment herein demand may be made of the Government for the production of any statements made by him, or any transcripts of his testimony which it may have in its possession or control. Section 3500(a) of Title 18 U. S. Code.

The motion for a bill of particulars is disposed of as follows: items 2, 3 and 4 are granted, and the Government is directed to comply therewith; items 1 and 5 are denied.

The motion under Rule 16 for leave to inspect and copy or photograph books, records, documents, etc., and the motion under Rule 17(c) to direct the Government to produce the same for such inspection and copying or photographing are denied *in toto* on the following grounds:

(a) they are too general in scope,

(b) the request therefor is unreasonable, since compliance therewith would be burdensome,

(c) there has been no showing that they are material to the defense.

Accordingly, except for items 2, 3 and 4 of his demand for a bill of particulars, the defendant's motion is in all respects denied.

Settle order on notice.