UNITED STATES of America

v.

Murdo Francis MARGESON, Peter Richard Kadra, William Joseph Crehan, a/k/a James T. Grant.

Crim. A. No. 22383.

United States District Court
E. D. Pennsylvania.

Dec. 16, 1966.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., Robert Goggin, Asst. U. S. Atty., Philadelphia, Pa., for the United States.

Paul T. Smith, Manuel Katz, Daniel Klubock, F. Lee Bailey, Boston, Mass.,

F. Emmett Fitzpatrick, Jr., Philadelphia, Pa., for defendant.

## OPINION

JOHN MORGAN DAVIS, District Judge.

The defendants have been indicted for conspiracy and bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(b), and 2113(d). We now have before us the motion of the defendant Crehan for a list of names and addresses of the government's witnesses and the motions of the defendant Kadra for a severance and for a reduction of bail from $75,000 to $25,000. We shall consider these matters seriatim.

■ Neither statute nor the recently liberalized Rule 16 of the Federal Rules of Criminal Procedure permits a defendant to discover the identity of government witnesses in a non-capital case. In the absence of such authority, we shall not use any inherent power we might possess to broaden the bounds of discovery beyond what Congress and the Supreme Court, after much deliberation, have mandated. We shall follow the great weight of precedent that has denied the relief sought here. See Dean v. United States, 265 F.2d 544 (8th Cir. 1959); United States v. Manhattan Brush Co., 38 F.R.D. 4 (S.D.N.Y.1965); United States v. Hanlin, 29 F.R.D. 481 (W.D.Mo. 1962); Smith v. United States, 216 F. Supp. 809 (S.D.Cal.1961). Cf. United States v. Solomon, 26 F.R.D. 397 (S.D. Ill.1960).

■ We are particularly adverse to requiring the government to release the information requested in light of 18 U.S.C. § 3432 which specifically provides for the disclosure of witnesses in capital cases. We firmly believe that if Congress had intended to include non-capital cases it would have done so. The maxim *inclusio unius est exclusio alterius* guides us here. See United States v. Manhattan Brush Co., supra.

The defendant has also argued that he has a constitutional right to such discovery and cites the case of Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). This decision is inapposite. It held that the trial court must disclose grand jury minutes where the defendant had shown "particularized need" and had met the minimum requirements of Rule 6(e) of the Federal Rules of Criminal Procedure. From our reading of the case, it seems to rest on the interpretation of a procedural rule, rather than on Constitutional grounds. We might add that the accused makes no allegation that the government is in any way suppressing evidence favorable to him. Brady v. State of Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ The defendant Kadra has moved for relief from prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure. He contends that Crehan and Margeson have much more serious criminal records than does he and that their records will unduly prejudice him in the eyes of the jury if they are introduced into evidence. In addition he claims that his trial strategy may be somewhat fettered by the joinder of his case with those of Crehan and Margeson. After careful review of the facts as developed at this stage, we do not believe that any possible prejudice to Kadra outweighs the economy and expedition of a single trial. See Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); United States v. Howell, 240 F.2d 149 (3d Cir. 1965); Joint and Single Trials under Rules 8 and 14 of the Federal Rules of Criminal Procedure, 74 Yale L.J. 553 (1965). Our denial of this motion, of course, is without prejudice to its renewal at trial if the facts at that point warrant it. See De Luna v. United States, 308 F.2d 140, 1 A.L.R.3d 969 (5th Cir. 1962), rehearing denied 324 F.2d 375 (5th Cir. 1963).

■ Finally, we have before us the motion of Kadra for the reduction of his bail. Because of the seriousness of the charge against him, and after consultation with Judge Van Dusen who had originally set his bail, we will deny his motion and retain his bail at $75,000.

## ORDER

And now, this 16th day of December 1966, it is hereby ordered that the motion of the defendant Crehan for a list of government witnesses be and the same is denied.

It is further ordered that the motion of the defendant Kadra for relief under Rule 14 of the Federal Rules of Criminal Procedure be and the same is denied.

It is further ordered that the motion of the defendant Kadra for a reduction in bail be and the same is denied.