Copies of this opinion are being forwarded to the United States Attorney and the petitioner's attorney.

Robert M. Morgenthau, U. S. Atty., for the United States. Richard A. Givens, Asst. U. S. Atty., of counsel.

Robert S. Kreindler, New York City, for defendant Armantrout.

**UNITED STATES of America,**

v.

**William J. ARMANTROUT et al.,**
**Defendants.**

**No. 67 Cr. 862.**

United States District Court
S. D. New York.

Jan. 11, 1968.

WYATT, District Judge.

This is a motion by defendant William J. Armantrout for relief of several different types, to be considered separately.

I. For discovery and inspection under Fed.R.Crim.P. 16

 This part of the motion is granted on consent of the government as to all items except item (c). This item calls for papers as follows:

"(c) reports, memoranda or other internal government documents made by government agents or others concerning statements, admissions or confessions made by the defendant".

As thus phrased, this item (c) is much too broad to be proper under Fed.R.

**518**

Crim.P. 16(a) and is denied. The government consents to discovery of "written or recorded statements or confessions made by the defendant" which is the language of the Rule. The defendant is *not* entitled to discovery of "reports, memoranda, or other internal government documents made by * * * agents" which may concern statements of movant except those parts only which purport to reproduce the *exact words* used by defendant (in which case the words of defendant should properly be in quotation marks). Reports, etc. in the possession of the government which contain, not the exact words used by defendant but a paraphrase, or summary, or impression, or other reference by an agent of what defendant said are not included within Rule 16(a).

II. For inspection of material on a claim under Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)

■ Movant asks to inspect "any and all evidence, favorable to the defendant, which is material either to his guilt or punishment". The inspection is to be "prior to trial" and is based on Brady v. State of Maryland, above cited. Presumably, the expectation is that a decision as to what evidence of the government is "favorable" to defendant would be made by the prosecutor or by the Court. There is no specification of any evidence known to defendant.

Brady v. State of Maryland did not deal in any way with pre-trial discovery by defendant nor with any duty of the Court in that respect. On the contrary the discussion was of the duty of the prosecutor, wholly apart from any order of the Court. "[N]o pre-trial remedies were intended to be created" by Brady. United States v. Manhattan Brush Co., 38 F.R.D. 4, 7 (S.D.N.Y.1965) (Palmieri, J.)

Moreover, the Supreme Court prescribed amendments to the Rules of Criminal Procedure, effective July 1, 1966, or somewhat more than three years after the *Brady* decision. These amendments were specifically intended "to expand the scope of pretrial discovery". Advisory Committee's Note to Rule 16. Yet there was no provision for any such pretrial discovery as is here sought, and Brady v. State of Maryland was not even mentioned in the Notes (which contained many citations).

This aspect of the motion is denied.

III. For extension of bail limits

■ After argument of the motion, an affidavit of defendant, sworn to January 4, 1968, was submitted. It is understood that the government does not oppose an extension. The bail limits are extended to include St. Louis and St. Louis County, Missouri, and normal travel between there and this District.

IV. For a Bill of Particulars (Fed. R.Crim.P. 7(f))

The motion for a bill of particulars is denied.

So ordered.