**UNITED STATES of America,**

v.

**Norman GARDNER and Harvey Brown,
Defendants.**

**No. 69 Cr. 622.**

United States District Court
S. D. New York.
Oct. 30, 1969.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, for United States, Sterling Johnson, Jr., Asst. U. S. Atty., of counsel.

Laurence E. Jacobson, New York City, for Norman Gardner.

## MEMORANDUM

COOPER, District Judge.

Defendant Gardner moves for various forms of relief.

He seeks to suppress, pursuant to Rule 41, F.R.Crim.P., a quantity of narcotics allegedly found in an apartment belonging to him. This search was conducted pursuant to a search warrant issued on August 1, 1969 by a United States Commissioner on the basis of an affidavit of a Special Agent of the Bureau of Narcotics. Defendant controverts the sufficiency of this affidavit to establish the requisite probable cause. This is an issue of law which may be

determined from the face of the affidavit.[1]

We set forth the affidavit of the Special Agent in full:

During June, 1969, a reliable informant told your deponent that Norman Gardener [sic], 841 Longfellow Avenue, Bronx, New York was selling heroin in the vicinity of the Sunbright Bar, 163rd Street and Prospect Avenue. Gardener would receive a large supply of heroin and store it in Apartment 6G, 1815 Davidson Avenue, Bronx, New York. After Gardener received orders from addicts, he would go to his Davidson Avenue Apartment which he used as a "stash." He would obtain the amount of heroin he needed, and then return to the vicinity of the Sunbright Bar.

After pointing Gardener out, the informant stated that he had been in Apartment 6G, 1815 Davidson Avenue, Bronx, New York on several occasions and each time he observed heroin and various adulterating and packaging materials. The informant also stated that Gardener used a 1967 Blue Oldsmobile, license 3438JH to deliver his narcotics. A preliminary investigation by your depondent and other agents of the Bureau of Narcotics and Dangerous Drugs disclosed that Norman Gardener did live at 841 Longfellow Avenue, Bronx, New York and he was observed driving a 1967 Blue Oldsmobile, license 3438JH.

During July, 1969, on several occasions, your depondent observed Gardener drive up to the Sunbright Bar in the aforementioned 1967 Blue Oldsmobile where he was greeted by eight to ten persons who appeared to be drug addicts and were loitering in the vicinity. Gardener would have a conversation with these men, they would exchange something and then go into the Sunbright Bar. Your deponent has observed Gardener entering the building at 1815 Davidson Avenue, Bronx, New York. A check with Con Edison disclosed that the utilities for Apartment 6G were in the name of Lee N. Gardner. Thereafter your deponent spoke to other agents from the Bureau of Narcotics and Dangerous Drugs who informed me that they observed Norman Gardener leaving 1815 Davidson Avenue, Bronx, New York and drive to the Sunbright Bar where he was greeted by men who appeared to be drug addicts and were waiting for him. Gardener and the men exchanged something. These men thereafter departed and Gardener entered the Sunbright Bar.

The informant thereafter told your deponent that he was in Apartment 6G, 1815 Davidson Avenue, Bronx, New York on July 30, 1969 and observed approximately one quarter Kilogram of heroin, milk sugar, scotch tape, glassine envelopes and other adulterating and packaging materials.

■ Standing alone the personal observations of the Special Agent do not suffice to establish probable cause. The reliability of this informant is therefore critical to upholding this search and seizure.

In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) the Supreme Court recently reversed a finding of probable cause because there was nothing in the affidavit to indicate where the informer had secured his in-

1. Defendant claims in the alternative that a hearing is required to determine whether the facts alleged in the affidavit are true. Such unsupported speculation with no specific allegation calling any of the information recited in the affidavit into question and with no affidavit from the defendant himself is wholly insufficient to justify such a hearing. Nardone v. United States, 308 U.S. 338, 342, 60 S.Ct. 266, 84 L.Ed. 307 (1939); United States v. Pardo-Bolland, 229 F.Supp. 473, 475 (S.D.N.Y.1964), aff'd 348 F.2d 316 (2d Cir.), cert. denied 382 U.S. 944, 86 S.Ct. 388, 15 L.Ed.2d 353 (1965). Evidentiary hearings are required only where the petition alleges facts which if proved would require the granting of relief. Grant v. United States, 282 F.2d 165, 170 (2d Cir. 1960); United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969).

formation or to demonstrate that it was more than "a casual rumor circulating in the underworld." Here the informer told the Special Agent that he had on several occasions (including two days prior to the issuance of the search warrant) personally observed heroin and certain adulterating and packaging materials present in Gardner's Davidson Avenue apartment.

 Moreover, the informer's reliability was established by the nature and extent of the detail supplied by the informer and the independent corroboration thereof, which is far more significant and precise here then it was in Spinelli. There is not only corroboration that Gardner was using a specified apartment which was registered in his name and driving a specified automobile (similar to the entire extent of the independent corroboration present in Spinelli, which contained "no suggestion of criminal conduct when taken by themselves"), but also a relatively detailed description of a course of "abnormal activity" habitually engaged in by Gardner, which activity was verified by the federal agents in every respect.[2] See Spinelli v. United States, supra at 418, 89 S.Ct. 584; McCray v. Illinois, 386 U.S. 300, 302–304, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

 Accordingly, there being reason to believe that heroin was present in the apartment and, thus, probable cause for the warrant to issue, the motion to suppress is denied.

 Defendant next moves pursuant to Rule 6(e), F.R.Crim.P., for the disclosure of all the Grand Jury minutes herein. He has failed to show any particularized need in support of this blanket request for pre-trial inspection. Motion denied. See Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed. 2d 973 (1966); United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967); United States v. McCarthy, 292 F.Supp. 937, 942 (S.D.N.Y.1968); United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y. 1967); United States v. Tanner, 279 F. Supp. 457 (D.Ill.1967).

The Government consents to permit defendant to inspect, copy or photograph any written or recorded statement made by him within its custody or control. See Garrett v. United States, 305 F. Supp. 267 (S.D.N.Y., September 23, 1969) for this Court's definition of "statements" within Rule 16(a), F.R. Crim.P.

 He seeks disclosure pursuant to Rule 7(f), F.R.Crim.P., of whether the Government has any statement of his co-defendant Brown, and, if so, whether it intends to introduce it at trial. The purported basis for this disclosure is to establish grounds for a severance pursuant to Rule 14, F.R.Crim.P. No answer to the above request could demonstrate "real prejudice" by the joinder and justify a severance at this point. See United States v. Kahn, 381 F.2d 824, 840 (7th Cir. 1967), cert. denied 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661. Only if a co-defendant's statement is "powerfully incriminating" to the defendant will its introduction at their joint trial require a severance. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

2. We note for the future guidance of federal officers that two potentially highly important pieces of information related in this affidavit must be given little or no consideration in the assessment of probable cause because of conclusory terms employed. Thus, the informer is merely described as "reliable." *Spinelli* directs that such a conclusion not be given weight because no reason is given in support of it. Spinelli v. United States, *supra* at 416, 89 S.Ct. 584. Further, the persons seen meeting with Gardner here are said to have "appeared to be drug addicts." We are constrained to give this little weight because none of the underlying facts leading to that significant conclusion are set forth. Specification and particularization of the factual bases for such conclusions are essential to "assure that the judgment of a disinterested judicial officer will interpose itself between police and the citizenry." Spinelli v. United States, *supra*, 393 U.S. at 419, 89 S.Ct. at 591.

There being no basis for severance at this time even were we to grant this request, the motion is denied.

 Additionally, defendant seeks to inspect any such statement made by his co-defendant. Motion denied. See Rule 16(b), F.R.Crim.P.

Defendant's motion to inspect all laboratory reports regarding the drugs mentioned in the indictment and any fingerprint analysis is consented to by the Government. Further, the Government consents to permit a chemist of defendant's choosing to analyze these drugs, providing, of course, defendant bears any expenses incurred.

 His request for the names, addresses and criminal background of witnesses is denied. His motion that any and all exculpatory material be turned over to him by the Government is also denied. The Government assures us that it is well aware of its obligations under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963). See United States v. Armantrout, 278 F. Supp. 517 (S.D.N.Y.1968).

 The search of defendant's apartment having been upheld, we deny his request for a return of certain evidence seized therein. See Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The Government has consented to permit the defendant to inspect and copy these items if he so desires.

Finally, we dispose of his request for a bill of particulars as follows: Items a and b granted to the extent consented to by the Government. The remaining items are denied. See United States v. Simon, 30 F.R.D. 53 (S.D.N.Y.1962); United States v. McCarthy, 292 F.Supp. 937, 940 (S.D.N.Y.1968).

This shall be considered an order; settlement thereof is unnecessary.