**UNITED STATES of America,**

v.

**William KING et al., Defendants.**
**No. 69 Cr. 737.**

United States District Court
S. D. New York.
Jan. 8, 1970.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for United States, by Gary P. Naftalis, Asst. U. S. Atty., New York City.

Henry B. Rothblatt, New York City, for defendant, King.

MANSFIELD, District Judge.

Defendant William King has been named with five others in a 16-count indictment charging conspiracy to violate certain provisions of the federal bank

robbery statute, 18 U.S.C. § 2113(a), (b) and (d), and various substantive violations of the same statutes, including commission of five bank robberies. King is charged with participation in three of these robberies which are the subject of Counts 8–16, inclusive. He now moves for a severance (pursuant to Rule 14, F.R.Cr.P.), a bill of particulars, disclosure of exculpatory material and discovery and inspection pursuant to Rule 16, F.R.Cr.P. The motion is disposed of as follows:

*Motion for Severance*

As a general matter the interests of convenience, economy and efficient administration of justice dictate that persons joined in the same indictment should be tried together, particularly where the proof will be extensive and numerous witnesses must be summoned. United States v. Lebron, 222 F. 2d 531, 535 (2d Cir.), *cert. denied*, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y.1967); United States v. Kahaner, 203 F.Supp. 78 (S.D. N.Y.1962). The burden is upon King to show that he would be so prejudiced by a joint trial that he would in effect be denied a constitutionally fair trial in a joint proceeding. United States v. Caci, 401 F.2d 664 (2d Cir. 1968), *cert. denied*, 394 U.S. 917, 89 S.Ct. 1180, 22 L. Ed.2d 450 (1969).

The sole basis urged by King's attorney in support of the motion is "the necessity for defendant King to be able to call his co-defendants as a witness to his, King's, defense, and his inability to do so if all defendants are tried together". This is insufficient. There is no showing that King will in fact call his co-defendants as witnesses. The sole representation is that his attorney wants to "be able" to do so. There is no indication that the co-defendants would refuse to testify at a joint trial or that they would give testimony helpful to King at a separate trial. Thus there is a complete failure to satisfy the basic conditions for a severance. See United States v. Caci, 401 F.2d 664, 672 (2d Cir. 1968), *cert. denied*, 394 U.S. 917, 89 S.Ct. 1180, 22 L.Ed.2d 450 (1969); United States v. Carella, 411 F.2d 729 (2d Cir. 1969); United States v. Kahn, 366 F.2d 259 (2d Cir.), *cert. denied*, Pacelli v. United States, 385 U.S. 948, 87 S.Ct. 321, 17 L.Ed.2d 226 (1966).

The fact that King might claim his Fifth Amendment privilege if called as a witness by his co-defendants does not give him standing to seek a severance. His co-defendants have not indicated that they propose to call him as a witness, and he does not suggest that his decision would be any different if a severance were granted. In any event, the trial judge could, outside of the presence of the jury, determine whether the privilege would be invoked.

*Motion for Bill of Particulars*

The Government has agreed to furnish the names of any co-conspirators known to it. In addition the Government is directed to furnish the names of any co-conspirators who become known to it prior to trial.

The balance of the motion seeks evidentiary details of the type that are not needed to enable defendant to prepare for trial, avoid surprise or plead double jeopardy. Accordingly, except to the extent indicated, the motion is denied.

*Motions for General Pretrial Discovery and Inspection*

In broad general terms King seeks disclosure and inspection of all evidence in the possession of or known to the Government that is relevant to the case against him, or which might be helpful to him. Such indiscriminate, free-wheeling, shotgun demands are usually denied out of hand.

As for exculpatory material, the Government's responsibility arises at trial, after the issues and the Government's proof have crystalized. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10

**54**

L.Ed.2d 215 (1963), does not entitle a defendant to a general right of pretrial discovery. United States v. Evanchik, 413 F.2d 950, 953 (2d Cir. 1969); United States v. Armantrout, 278 F.Supp. 517, 518 (S.D.N.Y.), *affd.* 411 F.2d 60 (2d Cir. 1969); United States v. Manhattan Brush Co., 38 F.R.D. 4, 7 (S.D. N.Y.1965).

■ Defendant's demand for all confessions, admissions or statements made by him is rendered moot by their nonexistence. The transcript of defendant's grand jury testimony (if any) will be made available to him before trial only if the Government proposes to offer it as part of the Government's direct case. See United States v. Louis Carreau, Inc., 42 F.R.D. 408 (S.D.N.Y.1967).

■ The balance of defendant's demands, including the names, addresses and criminal records of all witnesses, any and all Government memoranda relating to the case, the grand jury testimony of witnesses, etc. must, in the exercise of our discretion, be denied as an unwarranted attempt to rummage through the Government's files. The motion is disposed of as indicated above.

It is so ordered.