**UNITED STATES of America**

v.

**Samuel Orrin HUTCHINS.**

**Crim. No. 70–612.**

United States District Court,
E. D. Pennsylvania.

Sept. 23, 1971.

---

------◆------

Louis C. Bechtle, U. S. Atty., Robert N. deLuca, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Jerome R. Balka, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

■ Defendant-movant Samuel Orrin Hutchins has been indicted[1] for four counts of bank robbery, 18 U.S.C.A. § 2113(a), (b), and (d). The United States Attorney has informed counsel for the defendant-movant that no witness at the bank identified the defendant as participating in the robbery, but that the Government has available a witness able to place the defendant at the scene of the robbery.[2] Because the Government will not reveal the name and address of this witness, the defendant has moved this court to compel the prosecution to do so, pursuant to Rule 16, Fed.R.Crim.P. For reasons set forth within the opinion, we refuse to do so.

Initially, we note that the scope of discovery contemplated by Rule 16 is set out in subparagraphs (a) and (b). The first permits discovery of defendant's statements, reports of examinations and tests, and the defendant's grand jury testimony; and the second allows discovery of other books, papers, documents, tangible objects or places involved. We do not find under this Rule authorization for the production of this witness.

This very issue was considered shortly after the enlargement of the scope of the Rule by Judge Davis of this Court in United States v. Margeson, 261 F. Supp. 628 (E.D.Pa.1966). In a prosecution for conspiracy and bank robbery, the defendant made a demand for the names of Government witnesses. The Court, in denying the demand, said:

Neither statute nor the recently liberalized Rule 16 of the Federal Rules of Criminal Procedure permits a defendant to discover the identity of government witnesses in a noncapital case. In the absence of such authority, we shall not use any inherent power we might possess to broaden the bounds of discovery beyond what Congress and the Supreme Court, after much deliberation, have mandated. We shall follow the great weight of precedent that has denied the relief sought here. *Id.* at 629. (Citations omitted)

Movant relies also upon Gregory v. United States, 125 U.S.App.D.C. 140, 369 F.2d 185 (1966), where it was stated that:

Witnesses, particularly eye witnesses, to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity, to interview them. *Id.* at 188.

---

1. A co-indictee, Edward James Elder, is not a party to this motion.

2. The names of the eyewitnesses to the robbery, the Government informs the Court, will be freely provided in the event that the defense actually wishes to interview those persons.

The court in *Gregory*, however, was talking about the purposes of discovery in a capital case, while this is not such a proceeding. While this broader scope of discovery has traditionally been available in offenses for which conviction may carry the death penalty, as the Court in *Margeson, supra,* noted, this traditionally has *not* been available in other cases.

Similarly, defendant's reliance on Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) is misplaced. That holding was directed at the inability of defense counsel, *at trial,* to confront an important prosecution witness, whose testimony was offered only by way of transcript.

Defendant's next argument, that due process is violated by the Government's use of perjured testimony, Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1934); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), is, of course, correct, but there is no showing here that the Government intends to use corrupt testimony. Again, the right to vigorously attack any witness' testimony is preserved in cross-examination, and the defendant's counsel will have every opportunity to exercise that right at the time of confrontation.

Rule 16 Fed.R.Crim.P. states, in section (b), that:

"* * * this rule does not authorize the discovery or inspection of * * * statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500."

18 U.S.C.A. § 3500(a) (The Jencks Act), provides:

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defend-ant) to an agent of the Government shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

The request of the defendant that he be provided the name and address of this witness in order that the witness might be interviewed prior to trial is, to the Court, tantamount to requesting material covered by the Jencks Act. The right of cross-examination and of waging a vigorous attack on the truthfulness of a witness is in no way diminished by complying with the language of the Jencks Act.

■ The defendant has no absolute right to any discovery of this nature, and his motion is addressed to the sound discretion of the Court. Gevinson v. United States, 358 F.2d 761 (5th Cir. 1966). The Government has indicated that it will make available to defense counsel all material included within the scope of Rule 16 discovery as well as the witnesses named in fn. 2, *supra*. However, we need not order the Government to furnish defense counsel with the names of its witnesses. United States v. Glass, 421 F.2d 832 (9th Cir. 1969); United States v. Chase, 372 F.2d 453 (4th Cir. 1967). See also, United States v. Margeson, *supra,* and cases there cited.

Finally, defense counsel has asserted that a "favorite argument" advanced against disclosure is the fear of intimidation of witnesses by the defendant or his agents. It is asserted that this view is predicated on the theory that an indictment is the equivalent of a conviction, and that the defendant is likely to act in a guilty, i. e., intimidating, manner.

We reject this entirely. It is so elementary as to almost be misplaced to state at this time that the defendant is presumed innocent unless, and until, the jury convicts him. While intimating nothing with regard to the possible guilt

of the defendant of the crimes accused, we note that he has already been convicted of armed bank robbery, and is awaiting trial in New Jersey for the shooting of a theatre manager. Even if we were to find defendant entitled to the name of the secreted Government witness, which we do not, we feel strongly that the witness, if exposed, might be placed in jeopardy.