

Paul J. Curran, U. S. Atty., for S. D. N. Y., Gerald Feffer, Asst. U. S. Atty., for the United States.

Marvin E. Segal, New York City, for Deutsch.

Morton S. Robson, New York City, for Duboff.

Irving Anolik, New York City, for Kores.

Jay Goldberg, New York City, for Levy.

Guggenheimer & Untermyer, New York City, Attn: David Brodsky, New York City, for Driesman.

**UNITED STATES of America, Plaintiff,**

**v.**

**Bernard DEUTSCH et al., Defendants.**

**No. 73 Cr. 1904.**

United States District Court, S. D. New York.

March 4, 1974.

## MEMORANDUM

FRANKEL, District Judge.

We profess as a basic principle that the prosecutor's "duty * * * is to seek justice, not merely to convict." [1] He is "to guard the rights of the accused as well as to enforce the rights of the public." [2] The ruling in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), enforces this principle in an important respect. The prosecutor is required as a matter of constitutional law to disclose to defendants evidentiary material that may help them to avoid conviction. As the Court has made clear:

---

1. ABA Standards Relating to the Prosecution Function and the Defense Function, The Prosecution Function, § 1.1(a) (App. Draft 1971).

2. *Id.* at 44; Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

"Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87, 83 S.Ct. at 1196.[3]

Defense counsel in this District routinely, and properly, make pretrial demands for exculpatory material to which they may be entitled under *Brady*. The United States Attorney no less routinely, but less justifiably, responds in a few spare lines of boiler-plate, as he has again in this case, viz.:

> "The Government is aware of its obligations under Brady v. Maryland, 373 U.S. 83, [83 S.Ct. 1194, 10 L.Ed. 2d 215] (1963) and will comply with it. The rule concerning governmental disclosure of exculpatory material or material favorable to the defendant established in *Brady*, imposes no pretrial obligation upon the Government. United States v. Armentrout [sic] 278 F.Supp. 517 (S.D.N.Y.1968), aff'd 411 F.2d 60 (2d Cir. 1969); United States v. King, 49 F.R.D. 51 (S.D.N.Y.1970); United States v. Manhattan Brush Co., 38 F.R.D. 4 (S.D.N.Y.1965)."[4]

This seems incredible after some of the national traumas of recent times, including gross neglects to divulge exculpatory material in timely fashion (see, e. g., the declaration of a mistrial and the granting of defendants' motion to dismiss the indictment on May 11, 1973, in United States v. Anthony Joseph Russo and Daniel Ellsberg, C.D. Calif. No. 9373–CD). Constitutional rights, including those vouchsafed by Brady v. Maryland, are not dependent "upon the benevolence of the prosecutor." Williams v. Dutton, 400 F.2d 797,

800 (5th Cir. 1968). Nor is the presumption, which we fully respect, that government attorneys will do (as well as be aware of) their duty sufficient alone to silence demands for clearer assurance. Fuller demonstrations than the proclamation that justice will be done are owed by the prosecutors to the equally dignified officers of the court who are their adversaries.

The ritual rebuff is not made more satisfying by the bland, repeated, and erroneous insistence that exculpatory material need never be made available before trial. It should be obvious to anyone involved with criminal trials that exculpatory information may come too late if it is given only at trial, and that the effective implementation of Brady v. Maryland must therefore require earlier production in at least some situations.

Our Court of Appeals has pointed out that:

> "The importance of *Brady*  *  *  * is its holding that the concept out of which the constitutional dimension arises in these cases, is prejudice to the defendant measured by the effect of the suppression upon defendant's preparation for trial, rather than its effect upon the jury's verdict." United States v. Polisi, 416 F.2d 573, 577 (2d Cir. 1969). See also United States v. Kahn, 472 F.2d 272, 287 (2d Cir. 1973).

With this basic understanding it becomes plain "that evidence in the government's possession favorable to the defendant should be made available to him far enough in advance of trial to allow him sufficient time for its evaluation, preparation, and presentation at trial." United States v. Partin, 320 F. Supp. 275, 285 (E.D.La.1970). To allow routinely (as the United States Attorney

---

3. See also Moore v. Illinois, 408 U.S. 786, 794–795, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972), where the *Brady* rule is reiterated as follows:

> "The heart of the holding in *Brady* is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to

punishment. Important, then, are (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence."

4. Affidavit Opposing Motion of Defendant Driesman, par. 6.

for this District seeks) a "more lenient disclosure burden on the government would drain *Brady* of all vitality." United States v. Elmore, 423 F.2d 775, 779 (4th Cir. 1970).[5]

Recognizing that the judges of this court have not always dealt uniformly with matters of criminal procedure,[6] I now remind the United States Attorney of the repeated occasions on which I have ordered better responses to *Brady* demands than the cursory formula proffered in this case. See, e. g., United States v. John Capra, et al., 73 Cr. 460 (1973); United States v. Paul Katz, et al., 73 Cr. 799 (1973); United States v. Luis Norberto Otero, 73 Cr. 744 (1973); United States v. Melvin Moller and Julius Rosen, 72 Cr. 818 (1972). Until or unless some higher authority decrees that that formula is sufficient, it should not be employed any more in cases for which I am responsible.

Specifically, the United States Attorney is directed in the instant case to proceed as follows:

(1) He will determine particularly and thoroughly what exculpatory material, if any, is in the possession of the Department of Justice or known by people in the Department to exist.

(2) He will permit discovery and inspection of all such material as promptly as reasonably possible, and, in any event, not later than April 1, 1974; provided, that if the United States Attorney believes such material should justly and properly be withheld until a later time, he may make specific application to me for a postponement.

(3) He will bring before the court with all reasonable speed any questions or doubts touching com-

---

5. See United States v. Houston, 339 F. Supp. 762, 764 (N.D.Ga.1972); United States v. Eley, 335 F.Supp. 353, 355 (N.D. Ga.1972); United States v. Leichtfuss, 331 F.Supp. 723, 730–731 (N.D.Ill.1971); United States v. Ahmad, 53 F.R.D. 186, 194 (M.D. Pa.1971) ("material bearing on * * * defense preparation will be supplied to the defendants thirty days prior to trial"); United States v. White, 50 F.R.D. 70, 73 (N.D.Ga.), aff'd 450 F.2d 264 (5th Cir. 1971); United States v. Ladd, 48 F.R.D. 266, 267 (D.Alaska 1969); United States v. Cobb, 271 F.Supp. 159. 163–164 (S.D.N. Y.1967); United States v. Gleason, 265 F. Supp. 880, 883–886 (S.D.N.Y.1967); ABA Standards Relating to Discovery and Procedure Before Trial § 2.1(c) (App. Draft 1970), see also Id., § 2.12(a) which calls for disclosure "as soon as practicable following the filing of charges against the accused"; ABA Standards Relating to the Prosecution Function and the Defense Function, The Prosecution Function, § 3.11(a) (App. Draft 1971) which specifies disclosure "at the earliest feasible opportunity"; Preliminary Draft of Proposed Amendments to Federal Rules of Criminal Procedure, Proposed Rule 16(a)(iv), 48 F.R.D. 553, 558–589 (1970); J. Moore, 8 Federal Practice § 16.06[2] at 16–75–76 ("On the basis of policy the *Brady* doctrine should be assimilated to pre-trial discovery * * * "); Note, The Prosecutor's Constitutional Duty to Reveal Evidence to the Defendant, 74 Yale L.J. 136, 145, 149 (1964).

6. Including administration of the *Brady* rule. See United States v. King, 49 F.R.D. 51, 53–54 (S.D.N.Y.1970); United States v. Wolfson, 289 F.Supp. 903, 914–915 (S.D.N. Y.1968); United States v. Armantrout, 278 F.Supp. 517, 518 (S.D.N.Y.1968), aff'd 411 F.2d 60 (2d Cir. 1969); United States v. Leighton, 265 F.Supp. 27, 35 (S.D.N.Y. 1967); United States v. Manhattan Brush Co., 38 F.R.D. 4, 6 (S.D.N.Y.1965) ("The *Brady* decision must be understood to refer to the application of tests of fairness to the prosecution at trial, and not at an earlier point in the proceedings.") Elsewhere, too, courts have held that *Brady* imposes no pretrial obligations upon the Government. See United States v. Moore, 439 F.2d 1107, 1108 (6th Cir. 1971) ("*Brady* was never intended to create pretrial remedies.") United States v. Condor, 423 F.2d 904, 911 (6th Cir.), cert. denied, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); United States v. Sklaroff, 323 F.Supp. 296, 310 (S.D.Fla.1971); United States v. Zirpolo, 288 F.Supp. 993, 1019 (D.N.J.1968). The commentators are cognizant of the unsettled posture of this issue. See Nakell, Criminal Discovery for the Defense and the Prosecution—The Developing Constitutional Considerations, 50 N.Car.L. Rev. 437, 452–453 (1972); Comment, Brady v. Maryland and the Prosecutor's Duty to Disclose, 40 U.Chi.L.Rev. 112, 117 (1972).

pliance with the *Brady* principle. Cf. United States v. Gleason, 265 F.Supp. 880, 885 et seq. (S.D.N.Y. 1967).

(4) He will serve and file, on or before April 8, 1974, a statement recounting the actions taken in compliance with the directions herein.

In all future cases of *Brady* demands, the United States Attorney will propose a program of response similar to that hereinabove outlined or state with particularity why some different course is claimed to be appropriate.

It is so ordered.