**UNITED STATES of America**
v.
**Keith COPEN et al., Defendants.**
**No. 73 Cr. 1089.**

United States District Court,
S. D. New York.
May 21, 1974.

---

## OPINION

COOPER, District Judge.

Defendant Keith Copen, movant herein, has been named with three others in a four count indictment charging conspiracy to distribute narcotics and possession thereof with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A), and possession of a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c)(2). The case is fixed for trial on June 3, 1974.[1] Defendant, named in counts one and two of the indictment now moves for various forms of relief. We dispose of it as follows:

1. Severance and/or Postponement

Defendant first moves for severance and/or postponement on the following grounds:

(1) Statements of co-defendant William Standbridge may be used against him at trial which would be highly prejudicial to defendant in violation of Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968);

(2) Defendant has not had adequate time to prepare for trial inasmuch as he was not notified of the pending indictment until March 15, 1974, whereas his co-defendants have been actively preparing their defense since the date of their arrest, November 14, 1973; and

(3) Defendant cannot participate in the trial on the scheduled date for reasons of ill health.

Under *Bruton,* a confession given by one defendant implicating a co-defendant may not be admitted into evidence if the confession defendant does not testify. The confession would constitute inadmissible hearsay evidence against the co-defendant who would thus be denied his constitutional right to confront and cross-examine the witness against him. See United States v. Rice, 435 F.2d 836 (9th Cir. 1970). Here, however, we have no knowledge as to

Paul J. Curran, U. S. Atty., Southern District of New York, New York City, for United States of America; James P. Lavin, Asst. U. S. Atty., of counsel.

Raymond S. Sussman, Brooklyn, N. Y., for defendant Copen.

1. Defendant was arraigned on March 25, 1974. The instant motion was not received until May 14, 1974; the Government's response was received May 17, 1974.

whether such statements will in fact be introduced and if so whether co-defendant Standbridge will testify. Accordingly, defendant's motion for severance under *Bruton* is premature at this juncture.

 Defendant's second assertion is clearly without merit. The Government informs us that defendant was not arrested along with his co-defendants because he was hospitalized and had undergone or was then about to undergo surgery. We have no reason to believe (defendant has set forth nothing of substance on this issue) that the seventy-five (75) days which defendant will have had to prepare for trial will not be more than ample. Finally, we cannot consider defendant's unsupported assertion that his current physical condition will preclude his participation at trial; there is a complete failure to submit properly executed medical affidavits supporting his position. The only documents in the case file relating to defendant's physical condition is a letter from one Edward W. Lowman, M.D. dated March 22, 1974 stating that it would be medically inadvisable for him to be confined to prison. That is insufficient for the purpose of the instant motion.

Accordingly, defendant's motions for severance and/or postponement are denied with leave to renew at the appropriate juncture and upon the showing of a proper foundation.

## 2. Suppression of Evidence

Defendant moves for suppression of evidence seized from his co-defendants at the time of their arrest. Specifically, he contests the admissibility of a revolver taken from a car in which co-defendants Paz and Morandi were seated at the time of their arrest and of a revolver and narcotic drug, cocaine, seized from co-defendant Standbridge at the time of his arrest.

 Defendant has failed to allege the necessary grounds for suppression of evidence: (1) he was not present at the time of the contested search and sei-

zure; (2) he has alleged no possessory or proprietary interest in either the cocaine or the revolvers; and (3) the offenses with which he has been charged (conspiracy to distribute narcotics and possession thereof with intent to distribute) do not include as an essential element possession of the seized evidence at the time of the contested search and seizure. Accordingly, defendant has no standing to contest the admissibility of either the cocaine or the revolvers. Brown v. United States, 411 U.S. 223, 229–230, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). See also United States v. Palazzo, 488 F.2d 942 (5th Cir. 1974); United States v. Cotham, 363 F.Supp. 851 (W.D.Tex.1973).

## 3. Inspection of Grand Jury Minutes

 Defendant contends that inspection of the grand jury minutes would reveal that the indictment was based upon insufficient and/or prejudicial evidence. The law is clear, however, that absent a showing of particularized need, the Court need not review grand jury minutes for the purpose of determining whether there was sufficient evidence to file an indictment or whether such indictment is based upon incompetent evidence. Calandra v. United States, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561, 42 U.S.L.W. 4104 (1974); Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Ruggiero, 472 F.2d 599 (2d Cir.) cert. denied, 412 U.S. 939, 93 S.Ct. 2772, 37 L.Ed.2d 398 (1973); United States v. Wolfson, 294 F.Supp. 267 (S.D.N.Y.1968); United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y.1967). No particularized need having been demonstrated here, the motion to review the grand jury minutes is denied.

## 4. In Forma Pauperis

 Defendant's motions for leave to proceed in forma pauperis, for appointment of a private investigator, for the minutes of an arraignment hearing held before Magistrate Goettel concerning co-defendants Paz and Morandi and for

daily copy of the forthcoming trial proceedings are denied with leave to renew upon compliance with the clear statutory requirements of 28 U.S.C. § 1915. Leave to proceed in forma pauperis may be obtainable only upon submission by the party of an affidavit made as required by that statute. See Williams v. Pierce County Board of Commissioners et al., 267 F.2d 866 (9th Cir. 1959). As for the minutes of the arraignment hearing, we have been advised by counsel for co-defendant Paz that they consist of a tape recording which cannot be transcribed due to physical limitations present.

### 5. Discovery and Inspection

Defendant moves for an order pursuant to Fed.R.Crim.P. 16 requiring the Government to produce for defendant's inspection 18 separate items. We dispose of this motion as follows:

■ Items b, g and o are denied. They constitute attempts to view the Government's evidence in advance of trial and are beyond the scope of Rule 16. United States v. King, 49 F.R.D. 51 (S.D.N.Y. 1970).

Items p and q are denied. The government represents that, to its knowledge, there has been no electronic surveillance; these requests are therefore moot.

Item r is denied. It goes without saying that the Government undoubtedly will retain possession of all vital material.

Items f, h, i, j and k are granted as consented to by the Government.

■ Items c, d, l, m and n are requests for exculpatory material within the meaning of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Government has stated that it is aware of its obligations under *Brady*. In light of this representation and in the absence of any showing of particularized need at this time, we rely upon the Government to comply with its obligations at the appropriate juncture. United States v. Evanchik, 413 F.2d 950 (2d Cir. 1969); United States v. King, *supra*.

■ Items a and e are granted. As to item a the Government consents to production of defendant's post-arrest statements only. We disagree with the limited applicability of the Government's position. Rule 16(a)(1) makes no distinction between post-arrest and pre-arrest statements. Defendant is entitled to inspect any written or recorded statements made by him and presently in the Government's possession. See United States v. Projansky, 44 F.R.D. 550 (S.D.N.Y.1968); United States v. Garrett, 305 F.Supp. 267 (S.D.N.Y.1969). Item e is a request for inspection of books, papers and documents taken by the Government from defendants. The Government opposes, but again we disagree. "There is an especially strong case . . . for ordering discovery of items that the government has obtained from the defendant." Wright, Federal Practice and Procedure: Criminal § 254. See United States v. Johnson, 298 F. Supp. 58, 64 (N.D.Ill.1969); United States v. Tanner, 279 F.Supp. 457, 468–469 (N.D.Ill.1967). Accordingly, request e is granted.

### 6. Bill of Particulars

Defendant moves under Fed.R.Crim.P. 7(f) for a bill of particulars setting forth nine separate items. The Government has already served a bill of particulars and opposes this motion except where consented to. Our disposition is as follows:

■ Items 3, 4, 7, 8 and 9 are denied. These are requests for evidentiary matter and the Government's legal theory and are beyond the scope of a bill of particulars. United States v. Verra, 203 F.Supp. 87 (S.D.N.Y.1962).

Items 5 and 6 are denied. The Government states in the bill of particulars already filed that approximately 246.54 grams of cocaine were seized; it represents further that a copy of the chemist's report will be furnished to all defendants. We find that the Government's response is sufficient.

Item 1 is granted as to names but not addresses. See United States v. King, 49 F.R.D. 51 (S.D.N.Y.1970).

Item 2 is granted. See United States v. Hong Loi Cheng, 350 F.Supp. 67, 70 (S.D.N.Y.1972).

The tardiness of the instant application (resolved by us within two days after all the papers were in) along with the definite trial date of June 3, which was fixed on April 4, 1974 (we have not allowed other matters to dislodge its position on the trial calendar), prompt us to direct that the data hereinabove set out be furnished by the Government forthwith.

So ordered.