UNITED STATES of America, Plaintiff,

v.

Kenneth R. LONZO, Defendant.

No. 92–CR–46.

United States District Court,
N.D. New York.

June 10, 1992.

Gary L. Sharpe, U.S. Atty. (Barbara D. Cottrell, Asst. U.S. Atty., of counsel), Albany, N.Y., for plaintiff.

Meave M. Tooher, Albany, N.Y., for defendant.

## MEMORANDUM DECISION AND ORDER

CHOLAKIS, District Judge.

In a nine count indictment returned on February 12, 1992, defendant Kenneth R. Lonzo is charged with participation in a conspiracy to distribute cocaine.[1] Sometime in the late evening hours of February 12, 1992 or the early morning hours of February 13, 1992, an arrest warrant for Lonzo was issued and soon thereafter he was arrested and taken into custody at his residence, 68 Maple Street, Hudson Falls, N.Y. Subsequently, a search of that address was made and certain items were seized by the Government.

Lonzo now seeks (1) suppression of the evidence seized, (2) dismissal of the indictment, (3) a Bill of Particulars, (4) the fulfillment of certain discovery requests, and (5) permission to make additional motions.

## SUPPRESSION

Lonzo claims that the search of his residence was illegal. No search warrant was ever issued and the search took place only with the consent of co-resident Lisa Bordeau. Lonzo accepts the fact that Bordeau had sufficient joint control of the premises to consent to a search; however, he claims that—at that time—she could not provide a knowing and voluntary consent to search the premises. This inability on the part of Bordeau was allegedly due to: the stressful day she'd had [2]; drowsiness, caused by the prescription medication [3] which she had taken prior to going to bed that evening; and the fear that she too would be arrested if she did not comply.[4] As a result, Lonzo

contends that it is for the Court to make a factual determination (i.e. a hearing) as to the voluntariness of this consent to search.

In opposition, the Government contends that:

> The defendant having moved for suppression, an evidentiary hearing must be held to determine the admissability of items seized. [citations omitted] At this evidentiary hearing the United States will establish that Lisa Bordeau freely and voluntarily gave her written consent for the search conducted at 68 Maple Street, and that the evidence discovered was lawfully seized.

Government's Memo of Law, p. 9.

By this conclusory statement, the Government consents to a suppression hearing. However, the Government does not rebut the factual assertions of Bordeau's affidavit with an affidavit of their own—based on personal knowledge—to show that a dispute warranting a hearing exists.

■ Given that this Court has faced this precise situation before, but has, until now, not placed both the prosecution and defense bars on notice of a rule on the issue, the Court will take this opportunity to do so. From this day forward, (1) suppression motions made before this Court must be supported by affidavits based upon personal knowledge, and (2) where such affidavits contain facts which, if true, would result in suppression, the opposition filed by the Government must also include affidavits based upon personal knowledge.[5]

---

1. Two counts of violating 21 U.S.C. § 846 (Counts I & II), four counts of violating 21 U.S.C. § 841(a)(1) (Counts I through IV), and five separate counts of violating 21 U.S.C. § 843(b) (Counts V through IX).

2. She had gynecological problems—severe bleeding and cramps—and had been to her gynecologist that very day. At that time, he prescribed a pain-killer, Darvoset.

3. The Darvoset.

4. See Affidavit of Lisa Bordeau, para. 10:
   "Upon *completion* of the search of the apartment they presented a [consent] document to

me and told me I was required to sign this document. I was advised that if I did not sign this document I would be arrested and taken down to the police station with Kenneth R. Lonzo."
(emphasis added)

5. Implied in these conditions are that (1) an attorney's affidavit, without personal knowledge, is insufficient to present or controvert factual assertions, and (2) the Government's mere consent to a hearing is insufficient, without more, to entitle the Government to a hearing.

Adding these requirements to criminal practice before this Court will conserve precious judicial resources by reducing time presently spent reading incomplete or misleading motion papers, and/or holding unnecessary suppression hearings.

In addition to the present case, there is one other case containing a suppression motion in the present motion term. That motion is also supported by affidavits of defendants but not opposed by affidavits of government officers or others. *See United States v. LaFrance,* 92–CR–83. In addition, there is a motion to reconsider a prior ruling denying suppression or a hearing because defendant's motion was not supported by an affidavit based upon personal knowledge. *See United States v. Liller,* No. 92–CR–31. In light of the prospective application of the affidavit requirement, the Court will hold a suppression hearing in the present case as well as those others just cited.

## DISMISSAL OF THE INDICTMENT

Pursuant to Fed.R.Crim.P. 7(c)(1) [6], Lonzo requests that the Court dismiss Counts V through IX [7] of the indictment because they "are so vague and confusing as to prohibit preparation of an adequate defense." Defendant's Memo, p. 14.

■ The Government contends that Lonzo has not explained his basis for concluding that these charges are either vague or confusing; and points out that copies of each of the telephone conversations in question *have been made available* to Lonzo [8].

**6.** "The indictment ... shall be a plain, concise and definite statement of the essential facts constituting the offense charged ..." Fed.R.Crim.P. 7(c)(1).

**7.** These counts charge Lonzo with the knowing and intentional use of a telephone on specific dates to facilitate a violation of the Controlled Substances Act, in violation of 21 U.S.C. § 843(b).

**8.** Lonzo's attorney has "reviewed" these tapes—which she claims are partially or totally inaudible—and finds them "confusing and misleading" because they are undated and provide no ex-

Similarly, the Court finds that Lonzo has not explained an adequate basis for concluding that these charges are either vague or confusing. Therefore, based on Lonzo's failure to explain the vague or confusing nature of these charges, and because the counts allege the required elements of the crime charged, Lonzo's motion for dismissal of the indictment is denied.

## BILL OF PARTICULARS

Complaining that the indictment "barely traces the words of the relevant statutes", Lonzo requests a Bill of Particulars in order to prepare his defense. Defendant's Memo, p. 9. Again he complains that Counts V through IX are confusing.

■ Specifically, Lonzo complains that the time period of the alleged conspiracy as charged in Counts I & II, "on or about June 1, 1991 through February 12, 1992," is too broad [9], and that the location, "and elsewhere," is too vague. The Court disagrees with Lonzo that the span of the time period for the alleged conspiracy is too broad, and the Court will not require the Government to provide the specifics as to each conspirator's entry into the conspiracy; however, in accordance with the past practice of this Court, the location of "elsewhere" shall be provided to Lonzo by the Government. Lonzo also requests: the time of Fred Baldwin's arrest or cooperation with the Government; the names of all unindicted co-conspirators; the identities of all such unindicted co-conspirators acting as Government agents (and when such cooperation commenced); the manner in which the conspiracy was committed or the overt acts the Government intends to

planatory introduction. As a result, she requests a hearing as to the admissability of these tapes. The Court hereby grants such a request. The Court also notes that she requests that the Government provide her with actual copies of these tapes; however, Rule 16(a)(1)(A) only provides that the Government make such tapes "available for ... copying[,]" it does not provide that the Government actually copy them for the defendant.

**9.** He wants the specific point in time that both he and another named conspirator, Fred Baldwin, entered the conspiracy.

prove; the particulars of Lonzo's participation in the conspiracy; the substance of any conversations involving the conspiracy; the identities of those persons to whom cocaine was distributed; and the quantity of the cocaine distributed. Additionally, as to the telephone counts (Counts V–IX), Lonzo requests the date and time of such calls and to whom such calls were made. The Government opposes these requests, except that they agree to provide the names of all unindicted co-conspirators to the extent known to the United States.

■ A bill of particulars should be granted where necessary (1) to inform the accused of the charges against him with sufficient precision to enable him to prepare his defense and avoid surprise, and (2) to enable him to plead his acquittal or conviction in bar of any further prosecution for the same offense. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir.1988); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987).

Whether to grant a motion for a bill of particulars " 'rests within the sound discretion of the district court.' " *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.1990), *cert. denied sub nom., Cruz v. United States*, — U.S. —, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990) (quoting *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir.1984) (citation omitted)). " 'A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.' " *Id.* (quoting *United States v. Feola*, 651 F.Supp. 1068, 1132 (S.D.N.Y.1987), *aff'd mem.*, 875 F.2d 857 (2d Cir.1989), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989)).

A bill of particulars is not an appropriate device for acquiring "evidentiary detail," *id.*, nor to inquire into the government's legal theory. *United States v. LaMorte*, 744 F.Supp. 573, 577 (S.D.N.Y.1990); *United States v. Copen*, 378 F.Supp. 99, 103 (S.D.N.Y.1974); *United States v. Dioguardi*, 332 F.Supp. 7, 14 (S.D.N.Y.1971) (citations omitted). Finally, where the information sought "is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *United States v. Bortnovsky*, 820 F.2d at 574.

■ Most of defendant's requests are for evidentiary detail, and/or are inappropriate for a Bill of Particulars. However, given the fact that the current practice of this Court has been to grant requests for the names of unindicted co-conspirators and for the specification of the quantity of drugs alleged in each count of a drug-conspiracy indictment—and that such information would enable defendant to make an informed decision as to any possible plea— this Court grants the request that the Government disclose the names of unindicted co-conspirators and the total quantity of drugs allegedly involved in each count. All other requests are hereby denied.

## DISCOVERY REQUESTS

Lonzo makes the usual requests for *Brady* and *Giglio* materials, and requests early production of *Jencks* material (immediately, or at least ten days before trial). The Government makes their usual response that all *Brady* material has been provided, that they are aware of their continuing obligation under *Brady*, and that all *Giglio* and *Jencks* material will be provided after jury selection.

■ It appears that the Government has complied with *Brady*. Nevertheless, this Court will follow its past practice, based upon *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972) and *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985) ("This Court has rejected any ... distinction between impeachment evidence and exculpatory evidence."), and require the Government to furnish the defendant with impeachment evidence, regarding witnesses to be called at trial, at the same time as other *Brady* exculpatory material—i.e., as soon as it becomes known.

However, defendant is not entitled to production of *Jencks* material until after a witness has testified on direct examination pursuant to 18 U.S.C. § 3500. Therefore, that request is denied. *See In re United States*, 834 F.2d 283, 287 (2d Cir.1987) ("as

to ... the production of statements of government witnesses, the Jencks Act controlled, and the district court had no inherent power to modify or amend the provisions of that Act.")

Lonzo also requests that a witness list, including the names of all confidential informants be provided (he claims that there is "no danger" to these individuals— e.g., he hasn't harmed co-conspirator/informant Fred Baldwin). However, because the defendant presents no specific evidence of his need for such a list, he does not overcome the Second Circuit's requirement that a defendant make more than an "abstract, conclusory claim that such disclosure [is] necessary to its proper preparation for trial." *United States v. Cannone*, 528 F.2d 296, 301–02 (2d Cir.1975). Therefore, defendant's request for a witness list is denied.[10]

Finally, Lonzo requests copies of the written records of his statements with law enforcement officials, any contemporaneous notes made by such officials, an account of the circumstances surrounding such statements, and the identities of the officials to whom such statements were made. He also requests the results of laboratory tests performed on the alleged cocaine purchased by Fred Baldwin or seized from 68 Maple Street. The Government contends that the content of Lonzo's oral statements to law enforcement agents was provided on March 2, 1992, and the lab results were provided on May 7, 1992. If the *substance* of *all* of Lonzo's statements to law enforcement officials that are in the possession of the United States has been provided, and the lab reports have been provided to Lonzo, the Government need not provide any more pursuant to Fed. R.Crim.P. 16(a)(1)(A), and these requests are hereby denied.

## FURTHER MOTIONS

Lonzo requests permission to make additional motions based upon any information provided as a result of the instant motions.

10. However, the Government should voluntarily provide such a list prior to jury selection, as

Such permission—limited to information forthcoming as a result of this Court's order—is granted.

IT IS SO ORDERED.