**UNITED STATES of America,**

v.

**Luis TEJADA, Defendant.**

**No. 89–CR–57 LEK.**

United States District Court, N.D. New York.

Oct. 4, 1999.

---

Honorable Thomas J. Maroney, United States Attorney, Northern District of New York, James T. Foley Courthouse, Albany, NY (Richard S. Hartunian, of counsel), for the Government.

Offices of Frederick Rench, Clifton Park, NY (Frederick A. Rench, of counsel), for the Defendant.

### *Memorandum–Decision and Order*

KAHN, District Judge.

## I. Background

Defendant Luis Tejada ("Defendant" or "Tejada") was indicted along with seven (7) other individuals in 1989 for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846, Possession with Intent to Distribute Cocaine, in violation 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and Possession of a Firearm, in violation of 18 U.S.C. § 924(c). Tejada was arrested by the Miramar, Florida Police Department on or about 27 July 1998.

According to the government, the eight-and-one-half year delay between the time of his indictment and the date of his arrest was due to Tejada's efforts to remain a fugitive from the law rather than the government's neglect. Presently before this Court are the following motions: (1) Defendant's motion for a bill of particulars; (2) Defendant's motion for an order, pursuant to Rule 16 of the Federal rules of Criminal Procedure, granting discovery and inspection as requested; (3) Defendant's motion for an order pursuant to Rule 404(b); (4) Defendant's motion for an order requiring government disclosure of Co–Defendant cooperation; (5) Defendant's motion for disclosure of identities of confidential informants; (6) Defendant's motion to suppress; (7) Defendant's motion to dismiss the indictment, or, in the alternative, to hold an evidentiary hearing; and (8) Defendant's motion for leave to initiate or renew new motions. (Omnibus motion, Doc. 135, 15 Oct. 1998.) These motions are discussed seriatim.

FOR THE REASONS STATED BE-LOW,

Defendant's motion for a bill of particulars is **DENIED**;

Defendant's motion for discovery and inspection is **DENIED without prejudice**;

Defendant's motion to compel disclosure of 404(b) evidence is **DENIED without prejudice**;

Defendant's request for immediate disclosure of Co–Defendant coöperation is **DENIED, without prejudice to resubmission when timely**;

Defendant's motion for disclosure of informant information is **DENIED**;

Defendant's motion to suppress Defendant statements or admissions is **DENIED**;

Defendant's motion to dismiss the indictment is **DENIED**;

Defendant's motion for an evidentiary hearing is **DENIED**; and

Defendant's motion for leave to renew motions or initiate new motions is **GRANTED**.

II. Discussion

(1.) *Defendant's Motion for Bill of Particulars*

 Defendant moves pursuant to Federal Rule of Criminal Procedure 7(f) for a bill of particulars. Rule 7(f) provides the following:

The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

A district court has broad discretion in determining whether to grant a motion for a bill of particulars. *See United States v. Torres*, 901 F.2d 205, 234 (2d Cir.1990); *United States v. Walker*, 922 F.Supp. 732 (N.D.N.Y.1996). "A bill of particulars should be granted where necessary (1) to inform the accused of charges against him with sufficient precision to enable him to prepare his defense and avoid surprise, and (2) to enable him to plead his acquittal or conviction in bar of any further prosecution for the same offense." *United States v. Lonzo*, 793 F.Supp. 57, 60 (N.D.N.Y. 1992) (citing *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir.1988)). In that vein, the purpose of a bill of particulars is not to provide "evidentiary detail," nor is it to allow a defendant access to the government's legal theory. *Id.* (citing *United States v. LaMorte*, 744 F.Supp. 573, 577 (S.D.N.Y.1990)). Moreover, a bill of particulars is not necessary if the information defendant seeks is available in some other form. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987); *United States v. Laughlin*, 768 F.Supp. 957 (N.D.N.Y. 1991).

 Defendant's sundry requests predominantly pertain to the specifics of the

alleged conspiracy of which the government contends Tejada was a member. "[D]emands for particulars regarding the formation of a conspiracy have almost universally been denied. Matters such as the exact time and place of the overt acts and names of the persons present are not properly the subject of a bill of particulars." *United States v. Walker*, 922 F.Supp. 732, 739 (N.D.N.Y.1996) (citing *United States v. Wilson*, 565 F.Supp. 1416, 1438 (S.D.N.Y.1983)). The facts presented in this matter do not constitute a complex charge. The indictment and other documents here adequately inform Tejada of the charges against him, the amount of cocaine involved, the time and location of alleged criminal acts, and Tejada's involvement in the alleged conspiracy. *See United States v. Walker*, 922 F.Supp. 732 (N.D.N.Y.1996) (stating that in determining whether a bill of particulars is warranted, a court should consider complexity of offense, clarity of indictment, and degree of discovery otherwise available to defendants).

Accordingly, Tejada's motion for a bill of particulars is hereby DENIED.

### (2.) *Defendant's Motion for Discovery and Inspection*

Defendant moves for discovery pursuant to Fed.R.Crim.P. 16. In general terms, Rule 16 requires the government to make available to the defendant (1) statements made by the defendant; (2) defendant's prior criminal record; (3) relevant documents and other tangible evidence that is material to the preparation of the defendant's case or intended for use by the government as evidence in its case-in-chief; (4) reports of examinations and tests that are either material to the preparation of the defendant's case or intended for use by the government as evidence in its case-in-chief; and (5) a written summary of expert reports the government intends to use during the presentation of the government's case-in-chief. According to the government, Tejada has been given all of the above items of which the government

is aware. Thus, no order to compel discovery is required here. If, however, at the time of trial Defendant feels he has not obtained all the required items, he is free to move accordingly at that time. Defendant's motion for discovery and inspection is hereby DENIED without prejudice.

### (3.) *Defendant's Motion for an Order Pursuant to Rule 404(b)*

Fed.R.Evid. 404(b) provides the following:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The majority of the government's memorandum of law relative to this portion of Defendant's omnibus motion is apparently directed to the admissibility of Rule 404(b) evidence, which is not an issue here. The government does, however, devote a paragraph to inform this Court that it is not yet clear whether it will attempt to introduce Rule 404(b) evidence during trial. The government also points out that it is aware of its responsibility to "provide reasonable notice in advance of trial" if it intends to do so. As a result, a motion to compel is not presently required. Therefore, Defendant's motion to compel disclosure of 404(b) evidence is hereby DENIED without prejudice.

### (4.) *Defendant's Motion for an Order Requiring Government Disclosure of Coöperation Agreements with Co–Defendants*

■ Though opposition to Defendant's request appears nowhere in the govern-

ment's memorandum of law, disclosure of impeachment material, which is "mandated by *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), . . . is properly disclosed when the witness is called to testify at trial." *Walker*, 922 F.Supp. at 741. Accordingly, Defendant's request for immediate disclosure is hereby DENIED, without prejudice to resubmission when timely.

### (5.) *Defendant's Motion for Disclosure of Identities of Confidential Informants*

Courts have long recognized the privilege to maintain the confidentiality of informant identity and background information. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). That privilege is not absolute and, thus, must "give way if the disclosure of an informant's identity, or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a case." *Walker*, 922 F.Supp. at 740. A defendant is not entitled to informant information, however, "where (1) the Government (sic) planned to have the informant testify at trial, thereby requiring the government to turn over *Jencks* materials, and (2) defendant did not show a particularized need for pretrial disclosure." *Id.*

Here, Defendant seeks disclosure of informant information "for the purpose of discovering any bias or impeachment evidence which may exist." Def.'s Mem. at 11. Defendant makes no particularized showing of need other than similar general and conclusory statements. As a result, Tejada has not overcome the informant anonymity privilege. Therefore, Tejada's motion for informant information is hereby DENIED.

### (6.) *Defendant's Motion to Suppress*

The government claims it is unaware of statements Tejada allegedly made to the Immigration and Naturalization Office or any other government agency in Florida.

The government further avers that it will provide Tejada with these statements if and when they come into the government's possession. Due to the foregoing, Tejada's motion to suppress is hereby DENIED.

### (7.) *Defendant's Motion to Dismiss the Indictment or Hold an Evidentiary Hearing*

[10] The Defendant "contends that the Government's delay in arraigning him constituted a violation of the Sixth Amendment warranting dismissal of the indictment. This argument too is unavailing." *United States v. Lainez–Leiva*, 129 F.3d 89, 91 (2d Cir.1997) (per curiam). This Court must consider four factors in determining whether a Sixth Amendment violation has occurred that warrants dismissal of the indictment: (1) the length of the delay; (2) the reason for the delay; (3) whether defendant had asserted his rights; and (4) the prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Supreme Court cautioned, however, that "these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Id.* at 533, 92 S.Ct. 2182.

The first *Barker* factor indicates that it is proper to review this case for a Sixth Amendment violation. The Defendant was indicted 7 April 1989. He was arrested over 111 months later, on or about 27 July 1998. Consequently, the Court is obliged to consider the second *Barker* factor, and examine the reasons for the delay. The Affidavit of Deputy United States Marshal Ward Hamilton (Doc. 141, 19 July 1999) details the efforts of the government, dating back to 1989, to apprehend a suspect whose real name was initially unknown, and whom investigators had, by July of 1989, come to believe was Luis Alphonso Tejada. Although the government did not until 1998 perform the credit check that, apparently, led to the Defendant's apprehension, the Affidavit in-

dicates that the government was using a variety of other tools to search for the Defendant. It appears that the government was making a reasonably diligent effort to find him.

Although the government might have been wise to have run the credit check earlier, there is no reason to conclude that the neglect to employ this one particular search tool is sufficient to establish that the government has failed the *Barker* test. While the evidence is not conclusive that Tejada knew that he was a suspect in this case and thus was attempting to evade apprehension, and while the government might have performed more efficiently in its pursuit of this suspect, the Court cannot reasonably conclude from the evidence before it that the government was dilatory or negligent in its efforts to capture the Defendant, much less that in bringing the Defendant to trial the government was responsible for an intentional delay that *might trigger a dismissal on the ground of Sixth Amendment violation.*

The third *Barker* factor, whether a defendant asserted his rights, is applicable when the government intentionally delays prosecuting a case, notwithstanding a defendant's requests for expedited proceedings. Neither of these elements is operative in this instance.

With respect to the fourth *Barker* factor, prejudice to a defendant resulting from a delay, the Defendant's arguments are conjectural. The Court does not find the compelling evidence of prejudice that would be commensurate with the drastic step of dismissing the indictment. *See United States v. Loud Hawk,* 474 U.S. 302, 315, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) ("possibility of prejudice is not sufficient to support [a defendant's] position that [his] speedy trial rights were violated"). Due to the foregoing, Tejada's motion to dismiss the indictment is hereby DENIED. In addition, the Court sees no reason to believe that an evidentiary hearing would further illuminate this matter. The government has amply explained the long interval between the indictment and Mr Tejada's apprehension, and the Defendant has not given the Court reason to question the substantial accuracy of that account. The Defendant's motion for an evidentiary hearing is accordingly DENIED.

(8.) *Defendant's Motion for Leave to Renew Motions or Initiate New Motions*

Because the status of these motions may change at the time of trial, Defendant is free to renew these motions or initiate others at that time.

Consequently, Defendant's motion for leave to renew motions or initiate new motions is hereby GRANTED.

### Conclusion

For the reasons stated above, it is hereby:

ORDERED that Defendant Luis Tejada's motion for a bill of particulars is **DENIED;** and

IT IS FURTHER ORDERED that Defendant Luis Tejada's motion for discovery and inspection is **DENIED without prejudice;** and

IT IS FURTHER ORDERED that Defendant Luis Tejada's motion to compel disclosure of 404(b) evidence is **DENIED without prejudice;** and

IT IS FURTHER ORDERED that Defendant Luis Tejada's request for immediate disclosure of Co–Defendant coöperation is **DENIED, without prejudice to resubmission when timely;** and

IT IS FURTHER ORDERED that Defendant Luis Tejada's motion for disclosure of informant information is **DENIED;** and

IT IS FURTHER ORDERED that Defendant Luis Tejada's motion to suppress Defendant statements or admissions is **DENIED;** and

IT IS FURTHER ORDERED that Defendant Luis Tejada's motion to dismiss the indictment is **DENIED;** and

IT IS FURTHER ORDERED that Defendant Luis Tejada's motion for an evidentiary hearing is **DENIED;** and

IT IS FURTHER ORDERED that Defendant Luis Tejada's motion for leave to renew motions or initiate new motions is **GRANTED;** and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.