**UNITED STATES of America, Plaintiff,**

**v.**

**Michael CROUSE, Defendants.**

**No. 5:04–CR–241(HGM).**

United States District Court,
N.D. New York.

March 1, 2005.

Honorable Glenn T. Suddaby, United States Attorney for the Northern District of New York, Lisa M. Fletcher, Assistant United States Attorney, of counsel, Syracuse, NY, for plaintiff.

George F. Hildebrant, Syracuse, NY, for defendants.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

### INTRODUCTION

Currently before the court is defendant's omnibus motion for relief, and the Govern-

ment's cross-motion for reciprocal discovery. Defendant moves: (1) for an order of discovery and inspection pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution; (2) for an order requiring the Government to disclose any acts or evidence of defendant's character it will use in the event defendant testifies; (3) for an order pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure directing the Government to serve and file a Bill of Particulars; (4) the court to conduct an audibility hearing regarding the admissibility of any recordings and any transcripts sought to be used by the Government at trial; (5) for an order reserving defendant's right to move to sever his trial from that of his co-defendant pursuant to Rule 14 of the Federal Rules of Criminal Procedure; and (6) any other such further relief as the court deems just and proper. Dkt. No. 24, Notice of Motion.

The Government cross-moves pursuant to Rule 16(b)(1) of the Federal Rules of Criminal Procedure for an order directing the defendant to: (1) permit the Government to inspect and copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof, which are within defendant's possession, custody or control and which defendant intends to introduce as evidence at trial; (2) permit the Government to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, within the possession or control of defendant, which defendant intends to introduce as evidence at trial or which were prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness' testimony; (3) disclose to the Government a written summary of testimony defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence at trial. Dkt. No. 35, Government's Mem. of Law at 2.

## BACKGROUND

### I. The Investigation

In 2003, law enforcement began an investigation of defendant, Michael Crouse, which revealed that defendant and a co-conspirator, Michael Wade ("Wade"), were distributing ecstasy in the Central New York area. As part of the investigation, law enforcement made three controlled purchases of ecstasy from defendant and/or Wade on: (1) October 2, 2003, in Onondaga County, New York; (2) October 9, 2003, in Syracuse, New York; and (3) October 22, 2003, at the Carousel Center Mall in Syracuse, New York. Dkt. No. 35, Government's Mem. of Law at 2. The Drug Enforcement Administrations's ("DEA") Northeast Laboratory tested the purchased ecstasy and confirmed that it contained 3, 4 methylendioxymethamphetamine ("MDMA"), methamphetamine, and ketamine. *Id.*

### II. The Indictment

In its four count Second Superseding Indictment (the "Indictment"), the Government charged defendant with violations of 21 U.S.C. §§ 841(a)(1) and 846, 18 U.S.C. § 2. More specifically, the Indictment sets forth a conspiracy through which defendant conspired to possess with the intent to distribute MDMA, methamphetamine, and ketamine in tablet form and represented as "ecstasy." As to the amounts of the illicit substances involved in the conspiracy, the Indictment alleges as follows: the quantity of the substance containing a detectable amount of methamphetamine exceeds fifty grams; the quantity of the substance containing methamphetamine (actual) exceeds five grams; the quantity of the substance containing a detectable amount of ketamine is ninety-nine and one-half grams; and the quantity of substance containing a detectable amount of MDMA is ninety-nine and one-half grams. Defendant was previously convicted in the Northern District of New York of the felony offense of possessing with the intent to distribute MDMA in violation of 21 U.S.C. § 841(a)(1). Defendant was sentenced to time served-twenty-four days-and two years supervised release. Dkt. No. 27, Second Superceding Indictment.

## DISCUSSION

### I. Defendant's Motion

#### A. *Discovery*

Defendant requests an order pursuant to Rules 12(b)(4) and 16 of the Federal Rules of

Criminal Procedure and the Fifth Amendment to the United States Constitution directing the Government to disclose certain information and make available for copying various materials. Defendant acknowledges that the Government, by letters dated June 15, August 9, and November 18, 2004, disclosed certain information and fairly provided responses to twenty of his twenty-three requests for discovery, including laboratory reports regarding the drugs and evidence reports with respect to non-drug property. Dkt. No. 24, Def.'s Pre–Trial Mot. at 2. In its June 15, 2004 letter, the Government also acknowledged its continuing obligation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) to disclose exculpatory evidence, but it submits that it knew of no such evidence at that time. *Id.* at Ex. B. Defendant seeks more detailed disclosures in response to Paragraphs Thirteen, Fourteen and Fifteen of his initial request for discovery. *Id.*

### 1. Written Summary of Expert Testimony and Qualifications/Copies of Reports and Documents Submitted By Expert

█ In Paragraph Thirteen, defendant seeks a written summary of expert testimony the Government intends to use under Rules 702, 703, or 705 during its case-in-chief including the witness's opinions, the bases therefor, and the witness's qualifications. Dkt. No. 24, Def.'s Pre–Trial Mot. at 2. In Paragraph Fourteen, defendant seeks "[c]opies of any reports, documents, statements, analyses or other records prepared, compiled or submitted by any expert witness" as related to the Indictment. Dkt. No. 24, Def.'s Pre–Trial Mot. at 2. The Government responds that the forensic chemist Brian O'Rourke of the DEA Northeast Laboratory will testify as to the tests he performed on the substances purchased from defendant and his analysis thereof. The Government expects his testimony to be consistent with his previously filed reports. In its response provided to the defendant, the Government attached copies of Mr. O'Rourke's reports, data and notes relative to his testing and analysis of the drug exhibits. The Government contends that the reports and notes form the basis of Mr. O'Rourke's opinions

and adequately summarize his expected testimony. Also attached in its response provided to defendant is a copy of Mr. O'Rourke's resume, which, according to the Government, describes in detail his education and experience in forensic science. Dkt. No. 35, Government's Mem. of Law at 3–4.

Based upon the Government's assurances as to the discovery provided to defendant in response to his motion, defendant's motion for a written summary of expert testimony, the expert's qualifications, and copies of reports and documents submitted by the expert witness is DENIED without prejudice and with leave to renew if at the time of trial it appears that the government has not satisfied its obligations.

### 2. Co–Conspirator Statements

█ In Paragraph Fifteen, defendant seeks "[a]ny and all records, notes, reports, videotapes, tape recordings or any other data or memoranda relating to, incorporating, summarizing or transcribing any statements allegedly made by any [non-testifying] co-defendant, or any co-conspirators or co-participants, whether indicted or unindicted, regardless of whether such statements were exculpatory or inculpatory." Dkt. No. 24, Def.'s Pre–Trial Mot. at 2–3. In support of its motion, defendant cites Rule 16(a)(1)(E)(i) and *United States v. Murgas,* 967 F.Supp. 695 (N.D.N.Y.1997). Consistent with the general rule, the Government's position is that co-conspirator statements are not discoverable under Rule 16(a). *See United States v. Percevault,* 490 F.2d 126 (2d Cir. 1974). This court, however, has held that under a broad reading of Rule 16, statements of co-conspirators made during the course of and in furtherance of a conspiracy, which are attributable to a defendant, are discoverable by that defendant. *See United States v. Konefal,* 566 F.Supp. 698, 706 (N.D.N.Y. 1983). The court's holding in *Konefal* that co-conspirators' statements are discoverable applies only where the government does not intend to call the co-conspirators as witnesses at trial. Where the government does intend to call such co-conspirators as witnesses, the Jencks Act controls and prevents the disclosure of government witnesses' statements, including those of co-conspira-

tors, until the witness testifies. *See Konefal,* 566 F.Supp. at 706.

Here, the Government submits that it knows of no co-conspirators whom it does not intend to call as a witness at trial and thus there exist no records of the kind requested by defendant. Dkt. No. 35, Government's Mem. of Law at 4–5. Consequently, the Jencks Act controls and prevents the disclosure of the requested materials. The court DENIES defendant's motion for co-conspirator statements.

### B. Character Evidence

■ Defendant requests an order requiring the Government to disclose all instances of any prior vicious, criminal, immoral or bad acts, any prior conviction and any evidence of defendant's character for truthfulness, which the Government would seek to introduce pursuant to Rules 608 and 609 of the Federal Rules of Evidence in the event defendant testifies. Dkt. No. 24, Def.'s Pre–Trial Mot. at 3. The Government responds that it supplied defendant with a copy of his criminal history record and indicates that should defendant testify at trial, pursuant to Rule 609, it intends to elicit testimony regarding defendant's prior felony convictions for conspiracy to distribute a controlled substance, and for possession of a firearm by a controlled substance user. The Government states that should it learn of any additional bad acts, it will promptly disclose the same to defendant. Based upon that assurance, the court DENIES defendant's motion.

### C. Bill of Particulars

■ A bill of particulars apprises a defendant of "the nature of the charges against him, so that he can adequately prepare a defense, avoid prejudicial surprise at trial, and plead double jeopardy in that or any subsequent related action." *United States v. Walker,* 922 F.Supp. 732, 738 (N.D.N.Y.1996) (quoting *United States v. Greater Syracuse Bd. of Realtors, Inc.,* 438 F.Supp. 376, 379 (N.D.N.Y.1977)). A bill of particulars, however, also confines the Government's evidence at trial to the particulars furnished. Thus, in ruling on defendant's motion, the court must balance restricting the Govern-

ment's proof against protecting the defendant from surprise. *See United States v. Payden,* 613 F.Supp. 800, 816 (S.D.N.Y.1985). A bill of particulars should be granted where necessary: (1) to inform the accused of the charges against him with sufficient precision to enable him to prepare his defense and avoid surprise, and (2) to enable him to plead his acquittal or conviction in bar of any further prosecution for the same offense. *See United States v. Davidoff,* 845 F.2d 1151, 1154 (2d Cir.1988). However, "where the information sought is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *United States v. Lonzo,* 793 F.Supp. 57, 60 (N.D.N.Y. 1992). "In determining whether a bill of particulars is warranted, the court should consider the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise available to the defendants." *United States v. Diaz,* 675 F.Supp. 1382, 1390 (E.D.N.Y.1987) (quoting *United States v. Shoher,* 555 F.Supp. 346, 349 (S.D.N.Y.1983)).

■ "[D]emands for particulars regarding the formation of a conspiracy have almost universally been denied. Matters such as the exact time and place of the overt acts and names of the persons present are not properly the subject of a bill of particulars." *Walker,* 922 F.Supp. at 739 (citing *United States v. Wilson,* 565 F.Supp. 1416, 1438 (S.D.N.Y.1983)). "Defendants are not entitled to discover through a bill of particulars the locations in addition to those listed in the indictment at which they are alleged to have violated the statute, where the information already made available to defendants is sufficient to enable" them to properly prepare for trial. *United States v. Feola,* 651 F.Supp. 1068, 1133 (S.D.N.Y.1987). Moreover, "detailed evidence of a conspiracy is generally unavailable to defendants through a bill of particulars, and overt acts in furtherance of the conspiracy need not be disclosed." *Walker,* 922 F.Supp. at 739 (citing *United States v. DeFabritus,* 605 F.Supp. 1538, 1548 (S.D.N.Y.1985)).

■ Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, defendant requests an order directing the Government to

serve a Bill of Particulars setting forth: (1) the dates, time and location of each of the charged offenses; (2) the substance of defendant's conduct that the Government intends to prove at trial on its direct case for each offense; (3) with respect to each offense, whether the Government will attempt to prove at trial that defendant aided, abetted, counseled, commanded, induced or procured one or more persons to commit the offense charged in the Indictment and if so, the names and current addresses of all such persons, and the manner in which defendant aided or abetted such person(s); (4) each act, if any, allegedly committed by defendant in furtherance of the conspiracy alleged in Count One of the Indictment; (5) the beginning and ending dates of the conspiracy alleged in Count One of the Indictment; and (6) the names, addresses and other identifying information of all other members of the conspiracy alleged in Count One of the Indictment.

Here, the court finds that the Indictment provides the dates and locations of each substantive offense with sufficient specificity. The Indictment adequately sets forth the substance of defendant's conduct and whether he aided and abetted others in the alleged commission of the crimes: defendant is charged both as a principal actor and as an aider and abettor in each substantive count. The Indictment sets forth the beginning of the conspiracy as "in or about 2003" and the end date as October 22, 2003, and thus adequately identifies the time frame within which the alleged conspiracy occurred. The Government need not provide the names and addresses of other members of the conspiracy. *See Murgas,* 967 F.Supp. at 702 (noting that "[c]ourts have . . . held that matters such as the exact time . . . of the overt acts and the names and addresses of persons present during meetings were not properly the subject of a bill of particulars."); *Feola,* 651 F.Supp. at 1133 (finding that defendants are not "entitled to receive . . the names and addresses of persons present during the meetings"). Moreover, the Government will provide defendant with a witness list as directed by the court's pre-trial order. The court finds that between the information contained in the Indictment, the Government's

disclosures as noted above, and the evidence available for defendant's inspection, defendant is well-apprised of the charges and the evidence underlying those charges. Defendant is adequately equipped to prepare a defense, avoid surprise at trial, and to plead the bar of double jeopardy at a later date should that become necessary. The court DENIES defendant's motion for a bill of particulars.

### D. Audibility Hearing

Long ago, the Second Circuit adopted a general standard as to the admissibility of audio recordings: the Government must " 'produce clear and convincing evidence of authenticity and accuracy' as a foundation for the admission of such recordings." *United States v. Fuentes,* 563 F.2d 527, 532 (2d Cir.1977) (citing *United States v. Knohl,* 379 F.2d 427, 440 (2d Cir.1967)); *see also United States v. Ruggiero,* 928 F.2d 1289, 1303 (2d Cir.1991) (finding tape recordings are generally admissible upon a showing of authenticity, accuracy, and relevance). A tape recording is not inadmissible merely because portions of it are inaudible. *See United States v. Arango–Correa,* 851 F.2d 54, 58 (2d Cir.1988). "Unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy the recording is admissible, and the decision should be left to the sound discretion of the judge." *United States v. Bryant,* 480 F.2d 785, 790 (2d Cir.1973) (quoting *Monroe v. United States,* 234 F.2d 49, 55 (D.C.Cir. 1956)) (internal quotation marks omitted). If a tape recording is probative, it is preferable to admit it even if parts are inaudible. *See Arango–Correa,* 851 F.2d at 58; *Bryant,* 480 F.2d at 790.

 While the Government has provided defendant with audiotapes of conversations recorded over the telephone and in face-to-face meetings with an informant, defendant contends that certain portions of the tapes are inaudible and requests an audibility hearing. The Government is amenable to defendant's request provided that defendant identifies the specific conversations or tapes, which he believes are inaudible. The Government has agreed to provide defendant

with transcripts of the audiotapes in advance of trial so that he can make more specific objections if he deems necessary. Subject to defendant's identification of those conversations or tapes which defendant believes to be inaudible, the court GRANTS defendant's motion for an audibility hearing. Should a hearing be necessary, the parties are to contact the court to schedule a mutually convenient time.

### E. Reserving Right to Sever

The defendant's request for an order reserving his right to sever his trial from that of his co-defendant is moot in light of the fact that defendant's co-conspirator, Michael Wade, entered into a plea agreement with the Government as of December 15, 2004. Dkt. No. 32, Plea Agreement. To the extent defendant continues to so move, the court DENIES his motion.

## II. The Government's Cross–Motion

Pursuant to Rule 16(b)(1) of the Federal Rules of Criminal Procedure, the Government moves for an order directing defendant to permit it to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are within defendant's possession, custody, or control, and which he intends to introduce as evidence in chief at trial. The Government also moves for an order permitting it to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the instant case, or copies thereof, within defendant's possession or control, which he intends to introduce as evidence in chief at trial or which were prepared by a witness whom defendant intends to call at trial where the results or reports relate to that witness' testimony. The Government further moves for an order directing defendants to disclose a written summary of testimony, including a description of the witnesses' opinions, the bases and rationale for those opinions, and the witnesses qualifications, they intend to use under Rules 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial. Dkt. No. 35, Government's Mem. of Law at 8. Defendant has not opposed the Government's cross-motion, and the court is unaware of any assurances by defendant that he has provided such reciprocal discovery or summarized expert testimony. Therefore, the court GRANTS the Government's motion.

## CONCLUSION

**WHEREFORE,** after careful consideration of the file in this matter and the applicable law, the court hereby

**DENIES** defendant's motion made pursuant to Rules 12(b)(4) and 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution for a written summary of expert testimony, the expert's qualifications, and copies of reports and documents submitted by the expert witness without prejudice and with leave to renew if at the time of trial it appears that the Government has not satisfied its obligations; **DENIES** defendant's motion made pursuant to Rules 12(b)(4) and 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution for co-conspirator statements; **DENIES** defendant's motion for an order requiring the Government to disclose all instances of any prior vicious, criminal, immoral or bad acts, any prior conviction and any evidence of defendant's character for truthfulness, which the Government would seek to introduce pursuant to Rules 608 and 609 of the Federal Rules of Evidence in the event defendant testifies; **DENIES** defendant's motion made pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure for a bill of particulars; **GRANTS** defendant's motion for an audibility hearing subject to his identification of those conversations or tapes which defendant believes to be inaudible; **DENIES** defendant's motion for an order reserving his right to sever his trial from that of his co-defendant as moot; **GRANTS** the Government's cross-motion made pursuant to Rule 16(b)(1) of the Federal Rules of Criminal Procedure for reciprocal discovery.

**IT IS SO ORDERED.**